# EXHIBIT B

Case No.: 3:25-cv-02394-SI

LEGAL THREAT / SELF-DEFEATING CONTRADICTION
(Email)



# Request for Comment: Seeking Alpha Article on Angi Inc. Customer Practices and Data Retention Policies (Ref: OR DOJ FF7819-25; CO AG C-000050111)
1 message

**Marcus Litchfield** <marclitchfield@gmail.com>                                                                                                     Thu, Oct 30, 2025 at 5:23 AM
To: mediarelations@angi.com, ir@angi.com, shannon.shaw@angi.com, Jaime Padgett <jaime.padgett@angi.com>
Bcc: Michelle.Andrews@doj.oregon.gov, complaints@coag.gov

Dear Angi Inc. Media Relations and Legal Departments,

My name is Stephen Marcus Litchfield.

I am preparing an article for publication on the financial analysis platform Seeking Alpha. The article details a multi-week, firsthand investigation into certain user interface designs, business practices, and data retention policies related to Angi's "Angi Key Membership" and its HomeAdvisor.com and Angi.com platforms.

The findings are based on a contemporaneous record, including screenshots and screen recordings, compiled between September 10, 2025, and the present. In the interest of fair and accurate reporting, I am providing you with an opportunity to formally comment on the key findings that will be addressed in the article.

The article will discuss evidence that appears to document the following:

1. **Deceptive Registration Funnel**: Evidence indicates that the "Log In" process on HomeAdvisor.com funnels users into a new account registration workflow under misleading banners such as "Welcome Back!" and "complete your account". Can Angi comment on the design of this user flow and whether it has been analyzed for its potential to obstruct cancellation or inflate user acquisition metrics?

2. **Obstructive Cancellation Methods**: The investigation documented five separate, consecutive calls to Angi's official support number (1-888-811-2644) that were automatically disconnected without reaching an agent or a relevant menu option for cancellation. Additionally, cancellation instructions on the website were found to be located several layers deep within an FAQ page. Can Angi comment on the accessibility of its cancellation procedures?

3. **Negligence in Platform Moderation**: Evidence shows that an illegitimate entity impersonating Angi support ("Customer Help Service") engaged with a customer on Angi's official Facebook page. Angi was explicitly notified of this entity's presence on September 13, 2025, but the entity was not removed until after it was reported directly to Meta by the customer on September 19, 2025. What are Angi's policies regarding the moderation of its official social media channels to protect customers from fraudulent actors?

4. **Forced Retention of Financial Data**: This is a critical and ongoing issue. Following the successful cancellation of the service on September 12, 2025, and a refund on September 18, 2025, the associated debit card information remains in Angi's system. As of this writing, the user interface provides no mechanism to delete the payment method.

    - A formal demand for the deletion of this data was sent to Angi's Chief Legal Officer on October 16, 2025.

    - On October 28, 2025, Angi's Privacy Officer sent a communication stating the deletion request had been "completed," yet subsequent verification, documented via screen recording, confirmed the debit card information remains accessible within the account.

    - Can Angi confirm its policy on the retention of customer payment information after the termination of all business relationships? Why does the platform prevent users from deleting their own financial data, and why did the company state a deletion request was complete when the data remained in the system?

The article will also note that these findings form the basis of formal complaints filed with the SEC (TCR: 17597-937-502-732), the FTC (Report: 192792633), the CFPB (Case: 251013-24920571), the Oregon Department of Justice (File: FF7819-25), and the Colorado Attorney General (File: C-000050111).

Please provide any formal response for inclusion in the article to me at marclitchfield@gmail.com. To ensure your comments are included, please respond no later than 5:00 PM Pacific Time, Wednesday, November 5th.

If you choose not to comment, the article will state that Angi Inc. was offered the opportunity but did not provide a response by the deadline.

Thank you for your attention to this matter.

Sincerely,
Stephen Marcus Litchfield



**Request for Comment: Seeking Alpha Article on Angi Inc. Customer Practices and Data Retention Policies (Ref: OR DOJ FF7819-25; CO AG C-000050111)**
1 message

**Jaime Padgett** <jaime.padgett@angi.com>  Tue, Nov 4, 2025 at 2:45 PM
To: Marcus Litchfield <marclitchfield@gmail.com>

Hi, Mr. Litchfield,

Thank you for your follow up questions. While we do not wish to comment on your proposed article, we will address your questions below:

1. Angi's registration process is compliant with state and federal laws. Further, please note Angi does not report consumer user acquisition metrics.

2. Angi's cancellation processes are compliant with state and federal laws.

3. We regularly monitor our verified social media channels to ensure homeowner complaints are quickly and efficiently addressed. We encourage users to engage only through official, verified Angi channels and report suspicious activity immediately.

4. Please be advised that your and Tammy Litchfield's deletion requests have been processed. Covered data related to your account has been deleted, pursuant to your request. The account which you reference logging into below was your wife Tammy Litchfield's account. I am aware your wife appointed you as her authorized representative to request deletion of her data on October 27 at 8:54 pm ET. The Oregon Consumer Privacy Act allows 45 days from the receipt of a request to action deletion. Nonetheless, we have now completed the deletion on Mrs. Litchfield's accounts.

   Please note Angi does not collect, store, or maintain credit card information. This information is collected, maintained, and stored by an accredited, third-party vendor, Stripe, as is disclosed in our privacy policy:

   > More about payment card information: Although users can submit payment information to pay for a service through the Services, we do not receive this information itself. Payment information is transmitted directly to our payment card processing vendor.

   I encourage you to contact Stripe directly to invoke any of your rights as to the data they maintain.

As you are aware these allegations are false and misleading, please note we will not hesitate to take action for any and all defamatory, misleading, or incorrect statements made by you.

**Jaime Padgett**

[Quoted text hidden]