Julia E. Markley, Bar No. 000791
JMarkley@perkinscoie.com
Michael McCullough, Bar No. 225377
MichaelMcCullough@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys for Defendant Angi, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEPHEN MARCUS LITCHFIELD,<br><br>Plaintiff Pro Se,<br><br>v.<br><br>ANGI INC.,<br><br>Defendant. | Case No. 3:25-cv-02394-SI<br><br>**DEFENDANT ANGI, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Pursuant to Fed. R. Civ. P. 12(b)(6) |

DEFENDANT ANGI, INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

185990338

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

# TABLE OF CONTENTS

**Page**

MOTION ....................................................................................................................... 1

MEMORANDUM OF LAW ......................................................................................... 1

I.       Factual Allegations .......................................................................................... 2

II.      Legal Standard ................................................................................................. 4

III.     Argument ......................................................................................................... 4

         A.      Plaintiff's UTPA claims should be dismissed. ..................................... 5

                 1.      Plaintiff fails to allege an ascertainable loss; to the contrary, he
                         received a prompt refund of the allegedly unauthorized charge. ............... 5

                 2.      Plaintiff fails to allege an unlawful act under the UTPA. .......................... 6

                         (a)      Plaintiff fails to allege a violation of ORS 646.608(1)(e)
                                  because the allegedly misleading login funnel does not
                                  concern a characteristic about an Angi service. ............................. 6

                         (b)      Plaintiff fails to allege a violation of ORS 646.608(1)(u)
                                  because there is no associated administrative rule that Angi
                                  violated. .......................................................................................... 8

         B.      Plaintiff's declaratory judgment claim is derivative and also fails. ...................... 9

         C.      Plaintiff's Complaint should be dismissed with prejudice because it would
                 be futile for Plaintiff to replead. ............................................................................. 9

CONCLUSION ............................................................................................................. 10

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................................4

*Bohr v. Tillamook Cty. Creamery Ass'n*,
373 Or. 343 (2025)....................................................................................................4, 6

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
824 F.3d 1156 (9th Cir. 2016) .....................................................................................3

*Centeno v. City of Carlsbad*,
No. 21-56274, 2022 WL 2752542 (9th Cir. July 14, 2022).......................................9

*City of Reno v. Netflix, Inc.*,
52 F.4th 874 (9th Cir. 2022) .....................................................................................8, 9

*Clark v. Eddie Bauer LLC*,
371 Or. 177 (2023)........................................................................................................5

*ESHA Research, LLC v. RLH Assets, LLC*,
No. 3:25-CV-00880-AB, 2025 WL 2697107 (D. Or. Sept. 22, 2025) .......................8

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1989) .....................................................................................9

*Golden v. California Emergency Physicians Med. Group*,
782 F.3d 1083 (9th Cir. 2015) .....................................................................................9

*In re Cloudera, Inc. Sec. Litig.*,
121 F.4th 1180 (9th Cir. 2024) ....................................................................................9

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) .....................................................................................2

*McCarrell v. RugsUSA, LLC*,
No. 3:25-cv-00454-AB, 2025 WL 2256278 (D. Or. Aug. 7, 2025) ........................6, 7

*Mendoza v. Lithia Motors, Inc.*,
No. 6:16-cv-01264-AA, 2017 WL 125018 (D. Or. Jan. 11, 2017)..............................7

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

# TABLE OF AUTHORITIES (continued)

**Page(s)**

*Paul v. Providence Health Sys.-Oregon,*
351 Or. 587 (2012)................................................................................5, 6

*Pearson v. Philip Morris, Inc.,*
358 Or. 88 (2015)......................................................................................6

*Sprewell v. Golden State Warriors,*
266 F.3d 979 (9th Cir. 2001) ....................................................................4

*State ex rel. Rosenblum v. Living Essentials, LLC,*
371 Or. 23 (2023)......................................................................................6

*Stewart v. Albertson's, Inc.,*
308 Or. App. 464 (2021) ...........................................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
551 U.S. 308 (2007)...................................................................................2

*Wilson v. Hewlett-Packard Co.,*
668 F.3d 1136 (9th Cir. 2012) ..................................................................3

**STATUTES**

Declaratory Judgment Act ..............................................................................8

Oregon Unfair Trade Practices Act.......................................................... passim

ORS 646.608.................................................................................1, 2, 4, 6, 7, 8

ORS 646.638.....................................................................................................4

**RULES**

Fed. R. Civ. P. 9(b) .........................................................................................6

Fed. R. Civ. P. 12(b)(6)...................................................................................1

**Perkins Coie LLP**
AuthorOfficeAddress
Phone: AuthorOfficeGeneralNo1
Fax: AuthorOfficeFaxNo1

185990338

## LR 7-1 CERTIFICATION

In compliance with LR 7-1, counsel for Defendant Angi, Inc. certifies that the parties conferred in good faith via email and telephone regarding this motion. During these communications, Plaintiff initially indicated his intent to concede his claim under ORS 646.608(1)(u) and to seek leave to file an amended complaint to drop that claim as well as revise his allegations under ORS 646.608(1)(e). The parties discussed their respective legal positions but were unable to resolve the disputes at issue in this motion, including disagreements regarding the scope and applicability of ORS 646.608(1)(e) and the Declaratory Judgment Act. In light of these unresolved legal issues, Defendant stated it would oppose Plaintiff's motion to seek leave to file an amended pleading and proceed with the present Motion to Dismiss. Plaintiff then changed his position to oppose this Motion to Dismiss in its entirety.

## MOTION

Defendant Angi, Inc. moves to dismiss Mr. Litchfield's First Amended Complaint [ECF 13] under Federal Rule of Civil Procedure 12(b)(6) with prejudice.

## MEMORANDUM OF LAW

*Pro se* Plaintiff Marcus Litchfield brings this lawsuit against Angi Inc. for his frustrations with canceling his and his wife's online accounts. Across more than 300 pages of pleadings and exhibits, Mr. Litchfield states that he "brings this action not for personal redress" and does not seek compensatory damages for any money or property he lost due to the "dark patterns" he alleges. Instead, he demands that Angi redesign its website and pay punitive damages—even though his allegations show that his wife successfully canceled her subscription "with a simple button click" and Mr. Litchfield received a full refund of her subscription fee on his credit card within one week. There are no allegations showing that he suffered a loss of property or money.

Based on his frustrations, Mr. Litchfield brings three claims, two under the Oregon Unfair Trade Practices Act (UTPA) and one declaratory judgment claim. Each claim fails as a matter of law for multiple separate and independent reasons. First, both of Mr. Litchfield's

1-   DEFENDANT ANGI, INC.'S MOTION TO DISMISS
     PLAINTIFF'S FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

UTPA claims fail because he experienced no economic loss—an essential element of a private UTPA claim. Additionally, each of his UTPA claims fail because Angi did nothing unlawful:

- ORS 646.608(1)(e) regulates representations about "goods or services" regarding their "characteristics, . . . uses, benefits, . . . or qualities." But the alleged representation here ("Welcome back!") related to whether the user had ever been to the Angi website before and had nothing to do with the characteristics of the contractor services Angi offers.

- ORS 646.608(1)(u) regulates behavior that violates a corresponding administrative rule or regulation. Here, Mr. Litchfield cites no corresponding rule or regulation, so there can be no violation of ORS 646.608(1)(u).

Finally, Mr. Litchfield's declaratory judgment claim is derivative of his UTPA claims; because his UTPA claims fail, his declaratory judgment claim also fails. His Complaint should be dismissed with prejudice.

## I.    FACTUAL ALLEGATIONS

Angi is a technology company that, via its subsidiaries, operates a dual-sided marketplace online where consumers can submit details of their home improvement-related projects to potentially match and hire third-party independent service professionals to assist with those projects. One of Angi's websites is HomeAdvisor.com. *See* First Am. Compl. (FAC), Ex. A at 13.[1] On September 10, 2025, Mr. Litchfield visited HomeAdvisor.com to investigate a $29.99 charge to his credit card. FAC ¶¶ 11-12. Mr. Litchfield attempted to log in to see if he had an account, and he received a pop-up message stating, "Welcome Back!" FAC ¶ 13. He was prompted to enter his email address and received a six-digit verification code to complete his account. FAC ¶¶ 15-16. After successfully completing his account and logging in, Mr. Litchfield did not see any payment information on this account, causing him to be confused about why he

---

[1] "In reviewing the sufficiency of a complaint, [courts] limit [them]selves to the complaint itself *and its attached exhibits*, documents incorporated by reference, and matters properly subject to judicial notice. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (emphasis added) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007)).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

had a charge from HomeAdvisor.com on his credit card. FAC ¶ 22, Ex. A at 15-17.

That same day, September 10, Mr. Litchfield attempted to cancel his own Angi account by calling the customer support line five times. FAC ¶ 24.b.; *accord id.*, Ex. A at 18-19. Each time, Mr. Litchfield refused to provide responses to the automated support line questions that direct customers to the appropriate support personnel, so the line disconnected. *Id.*, Ex. A at 18-19. On September 15, Mr. Litchfield navigated to Angi's account cancellation instructions, which are located on Angi's FAQ page. FAC ¶ 24.a.; *accord id.*, Ex. A at 51-52. These instructions describe three different methods for canceling a membership: (a) making a request through the website, (b) calling one of two phone numbers (both different from the general support line Mr. Litchfield had already contacted), or (c) by contacting the Angi Help Center. *Id.*, Ex. A at 51-52. Mr. Litchfield did not pursue any of these cancellation options because he had already exchanged messages with Angi support. *Id.* The complaint lacks allegations showing that Mr. Litchfield purchased Angi goods or services or entered any payment information into his newly created account. FAC, Ex. A at 17 (stating his new account information as "First Name Stephen[,] Last Name Litchfield[,] Payment Method (Add payment method button)"); *see generally* FAC (nowhere alleging he shopped for or purchased any goods or services through his new account).

Within a couple of days, Mr. Litchfield realized that his *wife* had an Angi account and that the $29.99 charge was for his *wife's* Angi Key Membership. FAC, Ex. A at 13-15. On September 12, 2025, his wife requested cancellation of her membership "with a simple button click." FAC, Ex. A at 40. Two minutes later, she received an email confirming her membership had been canceled. *Id.*, Ex. A at 41. Seven days later, on September 19, 2025, the $29.99 charge was fully refunded. FAC ¶ 25; *id.*, Ex. A at 52 ("9/18 – [Transaction] Debit Purchase Return / I received a return for +$29.99 from Homeadvisorindianapolisin"); *id.*, Ex. A at 141 ("9/19 5:08 pm . . . Angi by this time had silently issued a refund to my card, and my wife had cancelled the membership through a different channel.").

3- DEFENDANT ANGI, INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## II.    LEGAL STANDARD

"A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp*., 824 F.3d 1156, 1159 (9th Cir. 2016). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co*., 668 F.3d 1136, 1140 (9th Cir. 2012). The court need not, however, credit the plaintiff's "legal conclusion[s] that are couched as factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

The complaint must "state a claim to relief that is plausible on its face . . . ." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A plaintiff can "plead himself out of a claim by including . . . details contrary to his claims." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III.    ARGUMENT

Plaintiff's claims fail for multiple independent reasons. First, as to his UTPA claims, he fails to allege an ascertainable loss. There are no allegations that he suffered a loss with respect to any account he created and, as to his wife, she promptly received a refund after she gave Angi notice that she wished to cancel her membership. Additionally, as to each of the two alleged violations of the UTPA, Plaintiff fails to allege a requisite unlawful act. None of Plaintiff's alleged misleading representations relate to Angi's *services*, and Plaintiff provides no explanation for the regulation Angi allegedly violated under ORS 646.608(1)(u). Finally, Mr. Litchfield's declaratory judgment claim is derivative of his UTPA claims, and because his UTPA claims fail, his declaratory judgment claim also fails.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

**A.    Plaintiff's UTPA claims should be dismissed.**

For a private plaintiff to plead a claim under the UTPA, the plaintiff must plausibly

allege: "(1) that [the defendant] committed an unlawful trade practice under ORS 646.608; (2)

that [the] plaintiff . . . suffered an ascertainable loss of money or property; and (3) that the loss

was caused by the unlawful trade practice." *Bohr v. Tillamook Cty. Creamery Ass'n*, 373 Or. 343,

358 (2025). Mr. Litchfield's Complaint fails to plausibly allege both an ascertainable loss of

money or property and an actionable unlawful practice.

> **1.    Plaintiff fails to allege an ascertainable loss; to the contrary, he received a prompt refund of the allegedly unauthorized charge.**

Plaintiff's allegations do not plausibly demonstrate an ascertainable loss, and his claims

should be dismissed. *See* ORS 646.638(1). The Oregon Supreme Court interprets "ascertainable

loss to mean, generally, any determinable [economic] loss." *Clark v. Eddie Bauer LLC*, 371 Or.

177, 185 (2023) (internal quotes omitted). An "ascertainable loss" must be "objectively

verifiable" or "capable of being discovered, observed, or established" like "economic damages in

civil actions." *Id.* The unlawful practice must *cause* this ascertainable loss. *Id.* at 191.

"The . . . loss indeed may be so small that the common law likely would reject it," and it

does not have to be subject to precise calculation, but some form of economic loss must be

objectively demonstrated. *Clark*, 371 Or. at 185-86. The Oregon Supreme Court has held that a

private UTPA claim must allege more than the speculative risk of a future economic loss to

plausibly plead a claim. *See, e.g., Paul v. Providence Health Sys.-Oregon*, 351 Or. 587, 603

(2012) (affirming dismissal of private UTPA claims based on the threat of "loss of money or

property due to the *theft of their financial data*" because speculative potential losses are not

objective ascertainable losses under the UTPA) (emphasis added).

The Complaint contains no allegations of an ascertainable loss within the meaning of the

UTPA. Indeed, Mr. Litchfield alleges that he "brings this action *not* for personal redress, but to

preserve evidence of systemic securities and consumer protection violations currently under

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

review by the SEC . . . and FTC . . . ." FAC ¶ 5 (emphasis added). He is not seeking compensatory damages but instead seeks only injunctive relief and punitive or statutory minimum damages. FAC § VI. Critically, he never alleges any amount of money or property he (or his wife) lost due to Angi's alleged unlawful actions.

The sole allegation in Mr. Litchfield's Complaint related to money is that he "visited HomeAdvisor.com" on "September 10, 2025"—before any alleged unlawful practice occurred—to investigate an "unauthorized charge of $29.99." FAC ¶ 11. But Plaintiff also admits that by September 19, just nine days later, Mr. Litchfield received "a [*complete*] refund to [his] card." FAC ¶ 25, Ex. A at 13-15, 57, 141. According to Mr. Litchfield's own allegations, he has experienced no ascertainable loss of money or property; he promptly received a complete refund of the charge at issue. He is not filing this claim for any compensatory damages or personal redress because he did not experience any economic loss. Just as in *Paul v. Providence Health*, Plaintiff has not lost any money or property due to Angi's alleged unlawful actions. His claims under the UTPA should therefore be dismissed.

## 2.     Plaintiff fails to allege an unlawful act under the UTPA.

Mr. Litchfield alleges that Angi violated two sections of the UTPA—ORS 646.608(1)(e) and (u)—each of which is premised on a different unlawful act. His factual allegations, however, fail to demonstrate a plausible unlawful act under either of these statutory provisions.

### (a)     Plaintiff fails to allege a violation of ORS 646.608(1)(e) because the allegedly misleading login funnel does not concern a characteristic about an Angi service.

ORS 646.608(1)(e) regulates misleading speech about products or services by making it unlawful for a defendant to "represent[]" that its "goods or services" have "characteristics, . . . uses, benefits, . . . or qualities" that they do not have. *State ex rel. Rosenblum v. Living Essentials, LLC,* 371 Or. 23, 46-47 (2023). In federal court, the heightened pleading standards of Rule 9(b) apply to UTPA claims under ORS 646.608(1)(e) because these claims "allege[] a unified course of fraudulent conduct" or speech. *McCarrell v. RugsUSA, LLC,* No. 3:25-cv-

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

00454-AB, 2025 WL 2256278, at *3 (D. Or. Aug. 7, 2025). For a representation to fall within the purview of ORS 646.608(1)(e), it must relate to a product or service. *See, e.g., Pearson v. Philip Morris, Inc*., 358 Or. 88, 122 (2015) (representations about the amount of tar in cigarettes); *Tillamook*, 373 Or. at 346 (representations about the nature and origin of Tillamook's dairy products).

In contrast, when a representation does not concern the characteristics, uses, or qualities of a product or service, no violation of ORS 646.608(1)(e) occurs. For example, representations about a product's previous price (and thus how much it was discounted) were not representations about the product's characteristics and did not constitute an unlawful act under ORS 646.608(1)(e). *McCarrell,* 2025 WL 2256278, at *6. Similarly, failure "to disclose the fees, payments, or kickbacks [defendant] received from loan providers and third parties" did not constitute a deceptive representation about the vehicle financing product the defendant was selling and thus was not an unlawful act under ORS 646.608(1)(e). *Mendoza v. Lithia Motors, Inc*., No. 6:16-cv-01264-AA, 2017 WL 125018, at *5 (D. Or. Jan. 11, 2017), *aff'd on other grounds,* 818 F. App'x 715, 718 (9th Cir. 2020). These cases make clear that the representation must concern the product or service the business is selling; not every representation a business makes falls within the purview of ORS 646.608(1)(e).

Mr. Litchfield fails to allege an unlawful practice under ORS 646.608(1)(e) because none of his alleged misrepresentations relate to Angi's goods or services. Instead, they relate to whether Mr. Litchfield had an account to access Angi's marketplaces to shop for goods or services. Specifically, Mr. Litchfield alleges Angi's "[l]og In funnel constitutes a deceptive representation" because it represents "the consumer is accessing an existing service when they are entering a new transaction." FAC ¶ 39. Mr. Litchfield's allegations, however, demonstrate that the "welcome back" banner relates only to the login process and not to a service. FAC ¶¶ 12-13. This login funnel leads only to a page to "[c]omplete your account." FAC ¶ 16. Plaintiff never alleges he purchased any products or services or entered any actual transaction through this

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax:  +1.503.727.2222

new account process. In fact, Mr. Litchfield explicitly states he did not even enter a payment method into this new account. FAC, Ex. A at 17 (stating his new account information as "First Name Stephen[,] Last Name Litchfield[,] Payment Method (Add payment method button)").

This "login funnel" process and all "welcome back" representations relate only to whether Mr. Litchfield had visited the Angi website before and whether he had an account to access Angi's marketplaces to shop for goods or services. The representation "welcome back" has nothing to do with the characteristics of the goods or services Angi may sell to a user after successful marketplace access. Just as in *McCarrell* and *Mendoza,* the representation Mr. Litchfield challenges is unrelated to the characteristics or qualities of Defendant's products or services. Mr. Litchfield therefore fails to allege an unlawful act under ORS 646.608(1)(e).

> **(b)** **Plaintiff fails to allege a violation of ORS 646.608(1)(u) because there is no associated administrative rule that Angi violated.**

ORS 646.608(1)(u) states that it is unlawful for businesses to "engage[] in any other unfair or deceptive conduct in trade or commerce." Although ORS 646.608(1)(u) may appear to be a catchall for misleading conduct not otherwise specified under the Act, it is not. ORS 646.608(4) specifies that ORS 646.608(1)(u) merely enables the Attorney General to adopt rules prohibiting certain unfair or deceptive conduct. Without an applicable rule addressing the conduct at issue, a claim cannot be brought under subsection (u).

For example, the Oregon Court of Appeals relied on these statutory sections in *Stewart v. Albertson's, Inc.*, 308 Or. App. 464, 468 (2021). The court analyzed whether a violation of an Oregon Administrative Rule was plausibly pled under ORS 646.608(1)(u) and specifically stated that the catchall provision did not provide an independent basis for relief. Additionally, in *ESHA Research, LLC v. RLH Assets, LLC*, the plaintiff voluntarily dismissed its ORS 646.608(1)(u) claim after recognizing that this provision was not a catchall and that no corresponding administrative rule applied. No. 3:25-CV-00880-AB, 2025 WL 2697107, at *8 (D. Or. Sept. 22, 2025).

8-    DEFENDANT ANGI, INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Mr. Litchfield alleges no corresponding rule or regulation that would render Angi's actions unlawful under ORS 646.608(1)(u). Accordingly, Mr. Litchfield fails to allege an unlawful practice under ORS 646.608(1)(u).

**B.    Plaintiff's declaratory judgment claim is derivative and also fails.**

Mr. Litchfield seeks a declaration that he did not enter into an agreement with Angi on September 10, 2025. FAC § V Count I, § VI.A.1. "The Declaratory Judgment Act does not provide a cause of action . . . ." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). When the plaintiff "lacks an independent cause of action, . . . the Declaratory Judgment Act provides no basis for relief." *Id.* at 879. Here, just as in *City of Reno,* Plaintiff fails to state a separate substantive claim for relief, and thus his declaratory judgment claim also fails.

Additionally, like *City of Reno*, Plaintiff's claims are offensive, not defensive. *Id.* Angi is not brandishing any "[d]amoclean threat of impending litigation" for Plaintiff to seek preemptive relief from. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989). Plaintiff alleges the declaratory judgment claim addresses whether a contract was entered into, but there are no allegations related to his breach of that contract or Angi's impending suit against him for this breach. *See Golden v. California Emergency Physicians Med. Group*, 782 F.3d 1083, 1087 (9th Cir. 2015) (discussing ripeness concerns created by lack of breach for declaratory judgment claims related to contract formation). Plaintiff's declaratory judgment claim provides no additional basis for relief and must be dismissed.

**C.    Plaintiff's Complaint should be dismissed with prejudice because it would be futile for Plaintiff to replead.**

"Although leave to amend should be given freely, denying leave is not an abuse of discretion if it is clear that granting leave to amend would have been futile." *In re Cloudera, Inc. Sec. Litig.*, 121 F.4th 1180, 1189-90 (9th Cir. 2024) (quotations omitted). Amendment is futile when the plaintiff cannot "identify additional facts that it might allege to cure the deficiencies [in the] prior iteration of [the] complaint." *Id.* at 1190-91. And "vague promises of additional

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

information cannot cure the deficiencies in the complaint" or overcome the futility of amendment. *Id*. Indeed, dismissal with prejudice is proper on the first dismissal if amendment would be futile because "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim . . . ." *Centeno v. City of Carlsbad*, No. 21-56274, 2022 WL 2752542 at *2 (9th Cir. July 14, 2022).

There is no set of facts that can constitute an ascertainable loss because Plaintiff alleges that he received a complete refund of the charge at issue within nine days or less. FAC ¶ 25; *id.*, Ex. A at 52, 141.[2] Moreover, his Complaint includes a sworn statement as to the truth of his allegations. FAC, Ex. A at 163-64. As a result, there is no allegation Mr. Litchfield could put forward in an amended pleading that would demonstrate an objectively verifiable economic loss, which is essential to any claim he could bring under the UTPA. His Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

DATED:  March 3, 2026.

**PERKINS COIE LLP**

By:*/s/ Julia E. Markley*
    Julia E. Markley, OSB No. 000791
    JMarkley@perkinscoie.com
    Michael McCullough, OSB No. 225377
    MichaelMcCullough@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000

*Attorneys for Defendant Angi, Inc.*

---

[2] Defendant's Motion to Dismiss focuses on Plaintiff's operative complaint, the First Amended Complaint. It is worth noting, however, that Plaintiff's proposed amended pleading contains this same concession that he received a complete refund of the charge at issue. Pl.'s Mot. to Amend, Ex. 5 at ¶ 40.b (ECF 21-5).

10-  DEFENDANT ANGI, INC.'S MOTION TO DISMISS
    PLAINTIFF'S FIRST AMENDED COMPLAINT

185990338

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222