occurred in this District, where Plaintiff accessed Defendant's platform and suffered the alleged harm.

### III. PARTIES

9.  **Plaintiff**: Stephen Marcus Litchfield is an individual residing in Clackamas County, Oregon.

    a.  Plaintiff is a career Software Architect and Staff Engineer, utilizing his professional background to conduct independent forensic analysis of Defendant's public-facing platform.

    b.  Plaintiff has no employment history with Defendant and brings this action as an external whistleblower and consumer.

    c.  **Disclosure of Financial Interest**: Plaintiff holds a bearish financial position in Angi Inc. (put options/short ~~shares~~ sales). This position was established after Plaintiff discovered the deceptive practices alleged herein. Plaintiff discloses this interest now to:

        i.   Maintain full candor with the Court regarding potential conflicts; and

        ii.  Provide the basis for Plaintiff's forthcoming request for a Special Master, as Plaintiff acknowledges his financial interest precludes

him from personally viewing Defendant's proprietary trade secrets during discovery.

d. **Article III Standing for Injunctive Relief**

i. Plaintiff is a homeowner with ongoing home service, maintenance, and repair needs. Plaintiff's financial position does not extinguish his rights or needs as a consumer.

ii. Because of Defendant's dominant market presence, Plaintiff is practically compelled to interact with Defendant's ecosystem to efficiently source and hire local professionals.

iii. Plaintiff desires to utilize Defendant's platform in the future for these practical household needs; however, Plaintiff is currently deterred from doing so because he cannot rely on the integrity of Defendant's digital interfaces.

iv. Because Defendant's interface behavior is dynamically generated and opaque, Plaintiff cannot reasonably ascertain whether a future login attempt will securely authenticate him or deceptively originate another unintended contract.

v. Furthermore, the ongoing, hard-coded absence of a "Delete Payment" function guarantees that if Plaintiff utilizes the service again, his financial data will be captured and held hostage.

SECOND AMENDED COMPLAINT - Page 6 of 26

vi.    Should the Court compel the dismantling of these specific systemic harms through the requested injunctive relief, Plaintiff intends to resume use of the platform.

vii.    Pursuant to *Davidson v. Kimberly-Clark Corp., 889 F.3d 956 (9th Cir. 2018),* Plaintiff retains standing to pursue injunctive relief to remediate these systemic hazards.

10. **Defendant**: Angi Inc. (d/b/a HomeAdvisor, Angi, Handy) is a publicly traded corporation (NASDAQ: ANGI) headquartered at 3601 Walnut Street, Suite 700, Denver, Colorado.

    a.    Defendant owns and operates the domain Angi.com.

    b.    Defendant owns and operates the domain HomeAdvisor.com under the Angi brand.

    c.    Defendant owns and operates the domain AngiesList.com, which redirects to Angi.com.

    d.    Defendant operates a highly dominant network of local contractors and home service professionals across the Portland metropolitan and Happy Valley areas, encompassing the HomeAdvisor, Angi, and Handy platforms.

SECOND AMENDED COMPLAINT - Page 7 of 26

## IV. FACTUAL ALLEGATIONS

### A. The Deceptive Registration Funnel (Lack of Mutual Assent)

11. On September 10, 2025, Plaintiff visited HomeAdvisor.com to investigate and cancel an unauthorized, recurring charge of $29.99 billed to his debit card (*Exhibit A, Fig 9.10.1: Transaction Notification*).

    a. Plaintiff suffered an immediate ascertainable loss of money ($29.99) as a direct result of purchasing a subscription service that lacked the represented characteristics of standard digital commerce, specifically, the ability to successfully authenticate, manage, and cancel the service, which Defendant actively obstructed through deceptive interface interference.

    b. While the principal $29.99 was eventually refunded, Plaintiff suffered a concrete, ascertainable loss of the time value of that money during the period Defendant unlawfully retained it.

    c. Furthermore, the forced, ongoing retention of Plaintiff's tokenized financial data (the Stripe payment token) constitutes a continuing deprivation of Plaintiff's legally protected property interest in his own financial instruments.

SECOND AMENDED COMPLAINT - Page 8 of 26