Julia E. Markley, Bar No. 000791
JMarkley@perkinscoie.com
Michael McCullough, Bar No. 225377
MichaelMcCullough@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile: +1.503.727.2222

*Attorneys for Defendant Angi Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEPHEN MARCUS LITCHFIELD,<br><br>                Plaintiff Pro Se,<br><br>v.<br><br>ANGI INC.,<br><br>                Defendant. | Case No. 3:25-cv-02394-SI<br><br>**DEFENDANT ANGI INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

DEFENDANT ANGI INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................... 1

PROCEDURAL HISTORY..................................................................................................... 2

LEGAL STANDARD.............................................................................................................. 2

ARGUMENT ........................................................................................................................... 2

I. Plaintiff's UTPA Claim Is Futile ................................................................................. 2

    A. Plaintiff's proposed Complaint again demonstrates he did not experience an ascertainable loss.................................................................................. 3

    B. The representations that Plaintiff alleges are unlawful again fail to relate to characteristics of Angi's services............................................................. 5

II. Plaintiff's Declaratory Judgment Claim Is Futile Because the Declaratory Judgment Act Does Not Provide an Independent Cause of Action ................................. 6

CONCLUSION........................................................................................................................ 7

i-    TABLE OF CONTENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Barahona v. Union Pac. R.R. Co.*,
  881 F.3d 1122 (9th Cir. 2018) ................................................................................................2

*Barber v. Select Rehab., LLC*,
  No. 3:18-cv-01235-SB, 2019 WL 2028519 (D. Or. May 8, 2019) .........................................2

*Carrico v. City & Cnty. of S.F.*,
  656 F.3d 1002 (9th Cir. 2011) ................................................................................................2

*City of Reno v. Netflix, Inc.*,
  52 F.4th 874 (9th Cir. 2022) ...................................................................................................7

*Clark v. Eddie Bauer LLC*,
  371 Or. 177 (2023)..................................................................................................................4

*Jarratt v. Patterson*,
  337 Or. App. 590 (2025), *rev. denied*, 374 Or. 188 (2025) .....................................................4

*McCarrell v. RugsUSA, LLC*,
  No. 3:25-CV-00454-AB, 2025 WL 2256278 (D. Or. Aug. 7, 2025)........................................5

*Miller v. Rykoff-Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1988) ..................................................................................................2

*Pearson v. Philip Morris, Inc.*,
  358 Or. 88 (2015)................................................................................................................4, 5

*Searle v. Exley Express, Inc.*,
  278 Or. 535 (1977)..................................................................................................................5

**STATUTES**

Declaratory Judgment Act ....................................................................................1, 2, 6, 7

ORS 646.605(6)(a)...............................................................................................................5

ORS 646.608(1)(e)......................................................................................................... passim

Unlawful Trade Practices Act.......................................................................................... passim

**RULES**

Fed. R. Civ. P. 12(b)(6)........................................................................................................2

ii-   TABLE OF AUTHORITIES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## INTRODUCTION

During the conferral process on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, Mr. Litchfield decided to try to address the deficiencies in his pleading that Defendant identified by seeking leave to file a third version of his Complaint. But three of the four principal legal deficiencies Angi identified in its outstanding Motion to Dismiss are still present in Mr. Litchfield's newly proposed amended Complaint. **First**, Mr. Litchfield's proposed pleading still contains no allegation that he experienced an ascertainable loss within the meaning of the Oregon Unlawful Trade Practices Act ("UTPA"). To the contrary, the proposed pleading states again that Angi refunded him the entire $29.99 charge at issue and that this charge occurred *before* Angi made any allegedly misleading representation. **Second**, Mr. Litchfield's proposed pleading still fails to state a claim under ORS 646.608(1)(e) because no alleged misleading representation relates to the characteristics of the services Angi offers. **Third**, Mr. Litchfield has proposed no amendments to his claim for a declaratory judgment that he did not enter into an agreement with Angi, so that claim fails for the same reason stated in Angi's Motion to Dismiss: the Declaratory Judgment Act does not provide a basis for an independent claim for relief. As to the **fourth** deficiency identified by Angi, Mr. Litchfield concedes the deficiency and has omitted his claim under ORS 646.608(1)(u).

Because none of Mr. Litchfield's central factual allegations have changed, his proposed amendment is futile: the proposed amended claims fail for the exact same reasons that the claims in his First Amended Complaint fail, as set out in Angi's Motion to Dismiss. Moreover, the timing and voluminousness of his proposed amendment introduces inefficiencies into this proceeding because the Court has not yet ruled on Angi's Motion to Dismiss. The Court should proceed to rule on, and grant, Angi's Motion to Dismiss because that motion is directed at Plaintiff's operative Complaint. And for the futility reasons explained in this Response, the Court should also deny Plaintiff's Motion for Leave to Amend.

1- DEFENDANT ANGI INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## PROCEDURAL HISTORY

On December 22, 2025, *pro se* Plaintiff Mr. Litchfield filed his original Complaint, comprising 121 pages of allegations and supporting exhibits. ECF 1. On January 20, 2026, Mr. Litchfield filed his First Amended Complaint, comprising another 214 pages of allegations and supporting exhibits. ECF 13. Defendant Angi Inc. reviewed his filings and, in preparation to file its drafted Motion to Dismiss, contacted Mr. Litchfield to confer on the bases for the motion. ECF 22 at 1. In response, Mr. Litchfield expressed his intent to file a third version of his Complaint. *Id.* The parties discussed their respective positions via telephone and determined they had fundamental disagreements of law on the scope and applicability of the two statutes under which Mr. Litchfield brings his claims: the UTPA and the Declaratory Judgment Act. *Id.* Mr. Litchfield filed his Motion for Leave to File Second Amended Complaint (ECF 21) hours later, and Angi timely filed its Motion to Dismiss. ECF 22.

## LEGAL STANDARD

Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal. *See Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citation omitted). The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see, e.g., Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), although "viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Barber v. Select Rehab.*, LLC, No. 3:18-cv-01235-SB, 2019 WL 2028519, at *1 (D. Or. May 8, 2019) (quotation marks omitted).

## ARGUMENT

I.  **Plaintiff's UTPA Claim Is Futile**

Angi's outstanding Motion to Dismiss explains why Mr. Litchfield failed to allege a

2- DEFENDANT ANGI INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

claim under the UTPA. Mr. Litchfield did not experience an ascertainable loss because he received a complete refund of the $29.99 charge that occurred before any alleged unlawful act. ECF 22 at 5-6. Additionally, none of the representations Mr. Litchfield alleges were misleading related to the characteristics of the contractor services Angi facilitates through its website. *Id.* at 6-8. Mr. Litchfield's UTPA claims in his proposed Second Amended Complaint are futile because, despite some changes, all of his key factual allegations remain the same: Mr. Litchfield still received a full refund of the $29.99 charge within nine days; this charge still occurred before any alleged unlawful act, so it could not have been caused by these acts; and all of the representations he alleges are misleading still do not relate to the contractor services Angi facilitates through its website.

### A.  Plaintiff's proposed Complaint again demonstrates he did not experience an ascertainable loss.

No key factual allegation regarding Mr. Litchfield's ascertainable loss has changed in his proposed Second Amended Complaint. *See* ECF 21-5 (Redline Proposed Complaint). Mr. Litchfield again alleges that the $29.99 charge was his ascertainable loss. *Id.* ¶ 40.b. Mr. Litchfield also admits that by September 19, just nine days later, he received a complete refund of this charge. *Id.*; ECF 21-2 at 13-15, 57, 141-42. Mr. Litchfield's allegations again make clear this $29.99 charge was for his wife's Angi Key Membership, which she signed up for three years prior. ECF 21-2 at 13-15, 59. His wife was able to easily cancel this membership "with a simple button click" and receive the refund to Mr. Litchfield's card within a week of cancellation. *Id.* at 13-15, 40-41, 52.

Mr. Litchfield's allegations also again confirm this charge occurred on September 10, 2025—before any alleged unlawful practice occurred. None of the representations Mr. Litchfield alleges are unlawful under ORS 646.608(1)(e) occurred before this charge and therefore could not have caused it. This charge would have occurred regardless of any of these subsequent representations because it was caused by his wife signing up for this subscription three years

3- DEFENDANT ANGI INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

prior. *See Clark v. Eddie Bauer LLC*, 371 Or. 177, 191 (2023) (stating the unlawful practice must cause the ascertainable loss).

While none of the key factual allegations regarding ascertainable loss have changed, Mr. Litchfield's complaint now explicitly clarifies that he is alleging the inconvenience of not having access to this $29.99 for the period of nine days starting with the discovery of the charge and ending with receipt of a full refund. ECF 21-5 ¶ 11.[1] Mr. Litchfield is incorrect.

The Oregon Supreme Court has explicitly stated that an "ascertainable loss" must be "objectively verifiable" or "capable of being discovered, observed, or established" like "*economic damages in civil actions*." *Clark*, 371 Or. at 185 (emphasis added). The inability to use funds for a period of time is not a pecuniary loss cognizable under Oregon law, absent allegations that the plaintiff incurred costs due to inaccessibility of funds. *See Jarratt v. Patterson*, 337 Or. App. 590 (holding that the plaintiff's inability to use $46,742.27 for an undefined period of time was not an economic loss under the Oregon elder abuse statute; only costs incurred due to inaccessibility of funds could qualify as a loss) (nonprecedential memorandum opinion), *rev. denied*, 374 Or. 188 (2025). For this exact reason, the damages available to the plaintiffs under the UTPA in *Clark* were only refunds of the purchase price of the goods the plaintiffs would not have purchased but for the defendant's misrepresentations. 371 Or. at 190 (stating the plaintiffs' "damages would be measured by the amount that they had each paid for the defendant's product—that is, . . . a full refund of the 'purchase price'" (citing *Pearson v. Philip Morris, Inc.*, 358 Or. 88 (2015))). The proposed amended pleading does not contain any allegations that Mr. Litchfield incurred costs due to inaccessibility of $29.99 for a period of nine days—and such an allegation, even if added, would be legally insufficient. None of the unlawful actions Mr. Litchfield alleges—which occurred *after* this charge—could have

---

[1] Angi notes that Mr. Litchfield's redline version of his proposed amended Complaint, ECF 21-5, does not capture all of the changes he made to his pleading. For example, the redline complaint fails to accurately capture all of Mr. Litchfield's edits to paragraph 11, discussing ascertainable loss.

4- DEFENDANT ANGI INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

caused the charge. *See Pearson,* 358 Or. at 126 (analyzing whether the defendant's misleading representations about the product's characteristics caused the plaintiffs to purchase the product and experience an ascertainable loss). Mr. Litchfield's UTPA claim is futile because he experienced no ascertainable loss.

> **B.     The representations that Plaintiff alleges are unlawful again fail to relate to characteristics of Angi's services.**

For a representation to fall within the purview of ORS 646.608(1)(e), it must describe a characteristic, benefit, or quality of a good or service on which the plaintiff relied to purchase that good or service. *See* ECF 22 at 6-8. *Compare Pearson*, 358 Or. at 122 (a valid claim under ORS 646.608(1)(e) related to representations about the amount of tar in cigarettes), *with McCarrell v. RugsUSA, LLC,* No. 3:25-CV-00454-AB, 2025 WL 2256278, at *6 (D. Or. Aug. 7, 2025) (holding representations about a product's previous price (and thus how much it was discounted) were not representations about the product's characteristics and did not constitute an unlawful act under ORS 646.608(1)(e)).

The Unlawful Trade Practices Act does not define the terms "goods" or "services," other than to specify that the goods and services be obtained primarily for personal, family, or household purposes. ORS 646.605(6)(a). The seminal case concerning what constitutes a good or service under the UTPA is *Searle v. Exley Express, Inc.*, 278 Or. 535 (1977). In *Searle,* the court established a two-part test for determining whether a good or service is at issue in the transaction. The first part is objective and inquires whether the goods or services are *customarily bought* by a substantial number of purchasers for personal, family, or household uses. *Id.* at 540. The second part is subjective and looks to whether the goods were, *in fact, bought* by the plaintiff for his or someone else's use and not for resale. *Id.*

5- DEFENDANT ANGI INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

The central issue with the allegations in support of Mr. Litchfield's ORS 646.608(1)(e) claim is that they are premised on the theory that any representation Angi makes is a representation that relates to the service Angi provides. This is incorrect as a matter of law, as explained in Angi's Motion to Dismiss. ECF 22 at 11-12. Additionally, the proposed amendments include new allegations that Angi "sells a digital product ecosystem" and offers an "*Angi Key Membership*" (ECF 21-5 at 20). Even assuming that those are services, the alleged misrepresentations do not relate to a characteristic or quality of those services. As to a "digital product ecosystem," a new allegation states that the "'Log In' funnel . . . operated secretly as a deceptive contract origination mechanism" (ECF 21-5 at 20), but does not state how the "Log In" funnel described a characteristic or quality of a service. As to his wife's Angi Key subscription, his proposed amended pleading contains representations relating only to (1) Mr. Litchfield's confusion identifying whether he had a pre-existing Angi account, which is unrelated to his wife's subscription's characteristics; and (2) his frustration and confusion deleting payment information for his wife's account, which is unrelated to the Angi Key Subscription's characteristics, especially considering these deletion requests and communications occurred after this subscription was completely cancelled and a refund was issued. ECF 21-2 at 5, 52 (stating the subscription had been cancelled and the refund received by 9/18/2025 and Mr. Litchfield sent his first formal data deletion demand on 10/16/2025). There are no allegations related to Angi's representations about this subscription's characteristics. Mr. Litchfield's proposed amended ORS 646.608(1)(e) claim is futile.

## II. Plaintiff's Declaratory Judgment Claim Is Futile Because the Declaratory Judgment Act Does Not Provide an Independent Cause of Action

None of the central allegations related to Mr. Litchfield's declaratory judgment claim

6- DEFENDANT ANGI INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

have changed in his proposed Second Amended Complaint. *See* ECF 21-5. Mr. Litchfield still (unnecessarily) brings this claim to argue that Angi cannot seek to compel arbitration of his UTPA claims.² *Id*. at ¶ 35.

"The Declaratory Judgment Act does not provide a cause of action . . . ." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). When a plaintiff "lacks an independent cause of action, . . . the Declaratory Judgment Act provides no basis for relief." *Id*. at 879. Here, just as in *City of Reno*, Plaintiff's declaratory judgment claim cannot stand on its own or provide an independent cause of action for affirmative relief. Accordingly, his declaratory judgment claim also fails.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint should be denied.

DATED: March 16, 2026.    **PERKINS COIE LLP**

By: */s/ Julia E. Markley*
Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
Michael McCullough, OSB No. 225377
MichaelMcCullough@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000

*Attorneys for Defendant Angi Inc.*

---

² Angi did not file a motion to compel arbitration or argue that an agreement to arbitrate is a basis for dismissal.

7- DEFENDANT ANGI INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT