Julia E. Markley, Bar No. 000791
JMarkley@perkinscoie.com
Michael McCullough, Bar No. 225377
MichaelMcCullough@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys for Defendant Angi, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEPHEN MARCUS LITCHFIELD,<br><br>Plaintiff Pro Se,<br><br>v.<br><br>ANGI INC.,<br><br>Defendant. | Case No. 3:25-cv-02394-SI<br><br>**DEFENDANT ANGI INC.'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

DEFENDANT ANGI INC.'S REPLY TO
PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

**INTRODUCTION**

Mr. Litchfield's Response demonstrates that his claims are based on multiple misunderstandings of the Oregon Unlawful Trade Practices Act (UTPA) and the Declaratory Judgment Act. Mr. Litchfield incorrectly asserts that the $29.99 charge to his credit card was an ascertainable loss sufficient to support his UTPA claim. This charge cannot support his UTPA claim because Mr. Litchfield was promptly refunded this entire charge upon request and experienced no objectively verifiable economic loss from the few days it took to process the refund. Additionally, this charge occurred before any of the actions Mr. Litchfield alleges were unlawful and, as a result, the allegedly unlawful acts could not have caused any economic loss. Because he experienced no economic loss and also because no allegedly unlawful act could have caused an economic loss, Mr. Litchfield's allegations cannot support any UTPA claim.

Mr. Litchfield spends much of his Response arguing that aspects of Angi's website (the login method, payment data storage, and data retention) are unlawful. But these arguments miss the point as they do not relate to a characteristic or quality about the alleged product or service at issue in this case—his wife's Angi Key subscription. Mr. Litchfield argues he was misled into believing he had a preexisting Angi account, and he argues it is unlawful for Angi's website to not have a payment method deletion button. But neither of these aspects of Angi's website concerns his wife's Angi Key subscription, which she was able to easily access and cancel with a simple button click. Additionally, Mr. Litchfield has failed to identify any allegation that demonstrates Angi made a misleading representation to him or his wife regarding her Angi Key subscription. Mr. Litchfield's argument is based on the flawed premise that any aspect of Angi's website he takes issue with is grounds for a UTPA violation—his allegations fail to plausibly allege an ORS 646.608(1)(e) claim.

Finally, Mr. Litchfield's declaratory judgment claim should be dismissed because no substantive cause of action supports it. Mr. Litchfield incorrectly insists that his declaratory judgment claim is independent of his UTPA claims because it is grounded in Oregon contract

1- DEFENDANT ANGI INC.'S REPLY TO
PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

law. The fundamental problem with this argument is that there is no contract dispute between the parties. Angi has not brought—nor threatened to bring—a breach of contract action to enforce its Terms of Service; Angi is not seeking to compel arbitration of this dispute. Mr. Litchfield does not contest these facts. Nor has Mr. Litchfield alleged a breach of contract claim; indeed, his theory is that there is no binding contract between the parties. Mr. Litchfield's arguments regarding standing based on a "continuous hazard" are beside the point. Because there is no underlying contractual dispute and because the Declaratory Judgment Act does not provide an independent cause of action, this claim cannot stand on its own.

As to the futility of amendment, Mr. Litchfield relies on his proposed amended pleading, but Angi has already briefed why this proposed pleading again fails to allege an ascertainable loss. Through three pleadings, a motion to amend with a supporting reply, and his response to this motion to dismiss, Mr. Litchfield has demonstrated he cannot identify additional facts that might cure the central deficiency with his claims—the lack of an ascertainable loss. His complaint should be dismissed with prejudice because amendment is futile.

## ARGUMENT

### I.    Plaintiff's Response Confirms He Failed to Allege an Ascertainable Loss

Mr. Litchfield does not dispute that he was refunded the entire $29.99 charge in just nine days, and he does not dispute that this charge occurred before any of the representations he alleges were misleading. ECF 26 at 4-6. Mr. Litchfield instead asserts that his $29.99 charge still constitutes an ascertainable loss under the UTPA and that a refund cannot "immunize" a defendant from a UTPA claim. *Id.* Plaintiff is incorrect.

The ascertainable loss must be a determinable, objectively verifiable economic loss, like economic damages in a civil action. *Clark v. Eddie Bauer LLC*, 371 Or. 177, 185 (2023). Mr. Litchfield has failed to allege—and does not even argue—that he sustained any objectively verifiable economic loss. He promptly received a refund of the *entire* $29.99 charge. Although Mr. Litchfield argues this full refund only "mitigates" his damages, there are no allegations that

2-    DEFENDANT ANGI INC.'S REPLY TO
    PLAINTIFF'S RESPONSE IN OPPOSITION TO
    DEFENDANT'S MOTION TO DISMISS

he had any loss relating to the few days it took for the refund to process. *Cf. Jarratt v. Patterson*, 337 Or. App. 590 (2025) (holding that the plaintiff's inability to use $46,742.27 for an undefined period of time was not an economic loss), *rev. denied*, 374 Or. 188 (2025).

The only case Mr. Litchfield cites to support his ascertainable loss argument is *Clark*, but that case supports the proposition that a refund negates any damages or economic loss alleged by the plaintiff. The economic damages the plaintiffs in *Clark* experienced were the purchase price of the product, and as a result, the remedy available in *Clark* and the prior Oregon precedents on which the *Clark* court relied was a refund of the purchase price. 371 Or. at 190 (stating the plaintiffs' "damages would be measured by the amount that they had each paid for the defendant's product—that is, . . . a full refund of the 'purchase price'" (citing *Pearson v. Philip Morris, Inc.*, 358 Or. 88 (2015))). Mr. Litchfield has already received a timely, full refund of the purchase price and has no economic damages to support an ascertainable loss in this case. His UTPA claim should be dismissed. *Paul v. Providence Health Sys.-Oregon*, 351 Or. 587, 603 (2012) (affirming dismissal of private UTPA claims that failed to allege an objectively verifiable economic loss under the UTPA).

Moreover, Mr. Litchfield does not contest that this $29.99 charge occurred before any act he alleges was unlawful or misleading under the UTPA. ECF 26 at 4-6. Mr. Litchfield's allegations must plausibly allege Angi's unlawful actions caused this $29.99 charge. *Clark*, 371 Or. at 185. But in this case, this charge had already occurred before any of the acts Mr. Litchfield alleges are unlawful and would have occurred regardless of these acts. *See* ECF 26 at 4-5 (stating this charge occurred on September 10, 2025, and the first allegedly unlawful act Mr. Litchfield can point to occurred *later* that day). This charge was not caused by any of these acts; it was caused by his wife signing up for the subscription three years prior. ECF 13-1 at 13-15, 59. Because the allegations do not show that the alleged misrepresentations caused any ascertainable loss, Mr. Litchfield has failed to state a claim under the UTPA.

3-  DEFENDANT ANGI INC.'S REPLY TO
PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

II.    **Plaintiff Fails to Identify a Single Representation in the Complaint Regarding the Characteristics of His Wife's Angi Key Subscription—His ORS 646.608(1)(e) Claim Should Be Dismissed**

Throughout Mr. Litchfield's entire argument, he does not identify a single representation Angi made regarding his wife's Angi Key membership, which is the product or service at issue. ECF 26 at 6-11. The two aspects of Angi's website Mr. Litchfield attacks contain no representations about his wife's subscription and are not even related to this subscription in general.

Mr. Litchfield attacks first the login process he used to access HomeAdvisor.com. *Id.* at 7-9. Mr. Litchfield's allegations make clear this login process is unrelated to his wife's Angi Key membership, which was associated with a different account for a different user. During this login process, Mr. Litchfield received no representations regarding his wife's Angi Key membership or even his wife's online Angi accounts. ECF 13 ¶¶ 11-16. His wife, who was the account holder with the subscription, was able to separately log into her account and cancel the subscription with a simple button click. ECF 13-1 at 40-41. Mr. Litchfield's login allegations are unrelated to his wife's subscription, and he has failed to allege any misleading representation Angi made regarding his wife's subscription that could support an ORS 646.608(1)(e) claim.

The next aspect of Angi's website Mr. Litchfield attacks is the lack of a payment method deletion button. This aspect is again entirely unrelated to his wife's Angi Key subscription, and his allegations contain no misleading representation Angi made about a payment deletion button. Indeed, all allegations in the Complaint, and Mr. Litchfield's Response, demonstrate that Mr. Litchfield attempted to delete this payment information from Angi's website after his wife had cancelled her membership and initiated the refund process. ECF 26 at 10. This lack of a payment deletion button cannot be related to a subscription that was no longer in existence at this point in time. And Mr. Litchfield never alleged or argues that Angi ever made any representation to him or his wife regarding the existence of a payment method deletion button on Angi's website.

Mr. Litchfield has failed to allege or even argue Angi made any representation regarding his wife's Angi Key subscription's characteristics that could support an ORS 646.608(1)(e)

4-    DEFENDANT ANGI INC.'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

claim. Mr. Litchfield's ORS 646.608(1)(e) claim should be dismissed, especially when considering the heightened Rule 9 pleading standards that apply. *See McCarrell v. RugsUSA, LLC*, No. 3:25-cv-00454-AB, 2025 WL 2256278, at *3, *6 (D. Or. Aug. 7, 2025) (holding Rule 9(b) pleading standards apply to ORS 646.608(1)(e) claims and dismissing the ORS 646.608(1)(e) claim because the allegedly misleading representation did not concern the product's characteristics).

### III.   Plaintiff's Declaratory Judgment Claim Does Not Provide an Independent Cause of Action

Mr. Litchfield's Response confirms he brings his declaratory judgment claim to unnecessarily refute a nonexistent motion to compel arbitration. ECF 26 at 12-13. Mr. Litchfield cites to *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010), which is an appeal of lower court decisions regarding which aspects of a union dispute should be sent to arbitration under a collective bargaining agreement. *Id.* at 295. *Granite Rock* has nothing to do with the Declaratory Judgment Act. Angi is not moving to compel arbitration of this dispute, and Mr. Litchfield does not contest this fact. ECF 26 at 12-14.

Mr. Litchfield's argument that Angi's actions present a "continuous hazard" should he "resume use of the service," (ECF 26 at 14) is also irrelevant to the issue at hand: Mr. Litchfield has no cause of action supporting his claim for declaratory relief. "The Declaratory Judgment Act does not provide a cause of action . . . ." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). And after Mr. Litchfield's UTPA claims are dismissed, there is no substantive claim that could support any declaratory relief.

Mr. Litchfield argues his declaratory judgment claim is independently based on Oregon contract law, but Mr. Litchfield has failed to allege any claim under Oregon contract law, and his allegations cannot support such a claim. There is no offensive claim under Oregon contract law for "lack of mutual assent" or "no contract" being formed as Mr. Litchfield argues. An offensive claim under Oregon contract law would be breach of contract, which requires the plaintiff to "at a minimum, plead facts with sufficient particularity as to allege the existence of a contract, its

5-   DEFENDANT ANGI INC.'S REPLY TO
PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

relevant terms, and a breach by defendant that resulted in damage to plaintiff." *Huskey v. Or. Dep't of Corr.*, 373 Or. 270, 275 (2025). Here, Mr. Litchfield has explicitly pled and argued no valid agreement was entered into, and he has failed to allege any breach or resulting damages. ECF 26 at 12-13. Because there is no underlying contractual claim that either party has brought or threatened to bring, and because the Declaratory Judgment Act does not provide an independent cause of action, this claim cannot stand on its own.

**IV.    Mr. Litchfield's Claims Are Futile and Should Be Dismissed With Prejudice**

Mr. Litchfield's Response confirms amendment would be futile because he cannot "identify additional facts that might . . . cure the [central] deficienc[y]" in his pleading—the lack of an ascertainable loss. *In re Cloudera, Inc. Sec. Litig.*, 121 F.4th 1180, 1189-91 (9th Cir. 2024). Mr. Litchfield, through his Response, makes clear the only allegations he can put forward related to a loss of money or property he experienced are that he was charged $29.99 before any allegedly unlawful act and was completely refunded this charge in nine days or less. ECF 26 at 4-6. He does not directly contest the lack of ascertainable loss, and instead relies on his proposed amended pleading and a "threat of future injury." *Id.* at 15. But his proposed amended pleading confirms the lack of ascertainable loss, and a vague threat of future injury cannot cure that defect.[1] All of Mr. Litchfield's filings demonstrate "no set of facts can be proved under [an] amendment to [his] pleadings that would constitute a valid and sufficient claim . . . ." *Centeno v. City of Carlsbad*, No. 21-56274, 2022 WL 2752542, at *2 (9th Cir. July 14, 2022). His Complaint should be dismissed with prejudice. *Id.*

/ / /

/ / /

/ / /

---

[1] ECF 21-5 ¶ 40.b (redline proposed complaint again alleging this $29.99 is his only ascertainable loss and was refunded); ECF 21-2 at 13-15, 57, 163-64 (the same forensic evidence map establishing the refund and timing of the charge under penalty of perjury); ECF 28 at 3-5 (again not disputing he was refunded this $29.99 and this charge occurred before he received any allegedly unlawful representation).

6-   DEFENDANT ANGI INC.'S REPLY TO
     PLAINTIFF'S RESPONSE IN OPPOSITION TO
     DEFENDANT'S MOTION TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## CONCLUSION

For the reasons stated above and in Angi's Motion to Dismiss, Mr. Litchfield's Complaint should be dismissed with prejudice.

DATED:  March 31, 2026.

**PERKINS COIE LLP**

By:_/s/ Julia E. Markley_____
    Julia E. Markley, OSB No. 000791
    JMarkley@perkinscoie.com
    Michael McCullough, OSB No. 225377
    MichaelMcCullough@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000

*Attorneys for Defendant Angi, Inc.*

7-  DEFENDANT ANGI INC.'S REPLY TO
    PLAINTIFF'S RESPONSE IN OPPOSITION TO
    DEFENDANT'S MOTION TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222