Julia E. Markley, Bar No. 000791
JMarkley@perkinscoie.com
Michael McCullough, Bar No. 225377
MichaelMcCullough@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys for Defendant Angi, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEPHEN MARCUS LITCHFIELD,<br><br>　　　　Plaintiff Pro Se,<br><br>　v.<br><br>ANGI INC.,<br><br>　　　　Defendant. | Case No. 3:25-cv-02394-SI<br><br>**DEFENDANT'S MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES** |

## LR 7-1 CERTIFICATION

Under LR 7-1(a), the undersigned counsel certify that the parties made a good-faith effort through email and a telephone conference to resolve the dispute and have been unable to do so. Through these communications, Plaintiff represented that he does not oppose a stay either of "active discovery" or "discovery production," but he conditioned his non-opposition to a stay on Defendant Angi Inc. ("Angi") agreeing to an "Interim Preservation Stipulation" which would require Angi to stipulate to the Court that it will "sequester and preserve in non-volatile storage (prior to any automated log-rotation or TTL purging) the following" data associated with his and his wife's accounts: "(1) all application logs, server telemetry, and runtime configuration

1-　DEFENDANT'S MOTION TO STAY DISCOVERY
　　AND PRETRIAL DEADLINES

data . . . . (2) All third-party API transaction payloads . . . . (3) All CI/CD pipeline deployment logs and automated test execution results . . . . [and] (4) All feature-flag evaluation states and A/B testing cohort assignments that dictated the runtime interface behavior during the Plaintiff's active sessions."

Angi explained to Mr. Litchfield that this Motion is directed solely at addressing the discovery and pretrial deadlines the Court set in its Scheduling Order, and that Angi takes its discovery and litigation responsibilities seriously, but that its internal litigation hold is privileged and confidential. Despite these communications, Mr. Litchfield has maintained that he opposes this Motion in its entirety because Angi will not agree to his proposed stipulation.

## MOTION

Pursuant to Federal Rules of Civil Procedure 16 and 26 and Local Rules 16-2 and 16-3, Angi moves to stay all discovery and pretrial deadlines pending the Court's ruling on Angi's Motion to Dismiss (ECF 22). A stay of discovery would promote judicial economy, prevent hardship to Angi, and cause no undue prejudice to Plaintiff. This Motion is based on the following Memorandum of Law and is supported by the Federal Rules of Civil Procedure and applicable case law.

## MEMORANDUM OF LAW

The interests of justice and judicial economy support the Court's exercise of its broad discretion to stay discovery and pretrial deadlines pending resolution of Angi's Motion to Dismiss. Angi's Motion to Dismiss demonstrates why Mr. Litchfield's Complaint fails as a matter of law, and if granted, would dispose of this case. Additionally, Mr. Litchfield has filed a concurrent Motion to Amend his pleading, demonstrating the unsettled state of the pleadings and the need to stay discovery and pretrial deadlines pending resolution of these motions. Moreover, the current deadlines would not allow either party sufficient time to serve and respond to written and other discovery, and several other fast-approaching deadlines cannot be meaningfully met until the state of the pleadings is settled. For these reasons, there is good cause for the Court to stay the discovery and pretrial deadlines in its Scheduling Order, pending resolution of Angi's Motion to Dismiss.

2-   DEFENDANT'S MOTION TO STAY DISCOVERY
     AND PRETRIAL DEADLINES

## PROCEDURAL BACKGROUND

Plaintiff's Complaint was filed in this action on December 22, 2025. ECF 1. The Court issued on December 23, 2025, a Discovery and Pretrial Scheduling Order that set out deadlines for several discovery and pretrial events. ECF 3. These deadlines include a close of discovery and the filing of all pretrial, discovery, and dispositive motions by April 22, 2026, as well as a Rule 26(f) conferral deadline of April 2, 2026.

Almost one month after the Court entered this Scheduling Order, on January 20, 2026, Plaintiff amended his Complaint. ECF 13. Defendant Angi timely moved to dismiss all claims in Mr. Litchfield's Complaint on March 3, 2026. ECF 22. Mr. Litchfield opposed this Motion and also filed an opposed Motion for Leave to File a Second Amended Complaint. ECF 21, 26. Both Angi's Motion to Dismiss and Mr. Litchfield's Motion to Amend are now fully briefed.

## ARGUMENT

A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 59 (1st Cir. 2006). "Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). As a result, "[p]arties commonly agree to stay or the court orders that discovery be stayed until a potentially dispositive motion to dismiss is decided." *Climax Portable Mach. Tools v. Trawema GmbH*, No. 3:18-cv-01825-AC, 2021 U.S. Dist. LEXIS 72918, at *14 (D. Or. Mar. 22, 2021); *see also O'Neal v. Or. Dep't of Justice, Div. of Child Support*, No. 3:15-cv-00773-SI, 2015 U.S. Dist. LEXIS 120378, at *7 (D. Or. Sept. 9, 2015) (staying discovery after dismissing a complaint with leave to amend "until Defendant files an answer to any amended complaint or the Court resolves in Plaintiff's favor any Rule 12 motion on any amended complaint."). Motions to stay discovery are disfavored only where resolution of the dispositive motion may not dispose of the entire case. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985).

3-   DEFENDANT'S MOTION TO STAY DISCOVERY
     AND PRETRIAL DEADLINES

### 1.  A stay is appropriate because Angi's Motion, if granted, will dispose of Plaintiff's entire case.

Mr. Litchfield initially brought three claims against Defendant Angi: (1) a violation of the Oregon Unlawful Trade Practices Act under ORS § 646.608(1)(u); (2) a second violation of the Oregon Unlawful Trade Practices Act under ORS § 646.608(1)(e); and (3) a declaratory judgment claim. ECF 12 at 14–17. Mr. Litchfield has since conceded that his ORS § 646.608(1)(u) claim fails as a matter of law, and Angi's Motion to Dismiss explains why his other two claims also fail as a matter of law. ECF 26 at 2 (Plaintiff's concession); ECF 22 and ECF 29 (Angi's Motion to Dismiss and Reply in support explaining why Mr. Litchfield's remaining two claims fail as a matter of law). If Angi's Motion to Dismiss is granted, it will dispose of Mr. Litchfield's entire case. Accordingly, the interests of judicial economy and efficiency strongly support the Court's exercise of its broad discretion to stay all discovery and case-management deadlines pending resolution of Angi's Motion to Dismiss.

### 2.  Plaintiff has already moved to amend, further demonstrating the unsettled state of the pleadings and need for a stay of discovery and pretrial deadlines in this case.

In addition to Angi's Motion to Dismiss the operative Complaint, Plaintiff has already filed an opposed Motion for Leave to Amend his pleading. ECF 21. Plaintiff's Motion to Amend, and Angi's Response in opposition, further demonstrate the uncertainty of the claims and factual allegations in this litigation and, relatedly, any potential discovery or Rule 26(f) conferences the parties would conduct. Given the uncertainty regarding the state of the pleadings and which claims—if any—will remain, a stay of current discovery and case-management deadlines is appropriate and in the interests of judicial economy and efficiency for all parties.

### 3.  The current deadlines in the Court's Scheduling Order should be stayed.

Due to Plaintiff's first amendment of his Complaint, Angi's Motion to Dismiss, and Plaintiff's Motion for Leave to File a Second Amended Pleading, many of the deadlines in the Court's Scheduling Order are fast approaching, causing a need for the current discovery and case-management deadlines to be stayed or extended. *See* ECF 3. For example, the current discovery

4-  DEFENDANT'S MOTION TO STAY DISCOVERY
AND PRETRIAL DEADLINES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

cutoff is less than 30 days away. *Id.* This deadline, if any claims were to proceed, would need to be extended for the parties to conduct discovery. Fed. R. Civ. P. 33, 34, 36. The interests of justice require staying the deadlines in the Court's Scheduling Order so that the parties may proceed in an orderly fashion: first determining what claims, if any, are at issue, and then be afforded adequate time for Angi to answer and for the parties to confer under Rule 26(f). There is good cause to stay the current discovery and pretrial deadlines in the Court's Scheduling Order.

## CONCLUSION

For the foregoing reasons, Defendant Angi requests an Order staying all discovery and pretrial deadlines, including the Rule 26(f) conferral, submission of initial disclosures, a proposed case-management order, and the Rule 16(b) scheduling and planning conference, pending the Court's ruling on Angi's Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: April 1, 2026.                          **PERKINS COIE LLP**

By: */s/ Julia E. Markley*
Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
Michael McCullough, OSB No. 225377
MichaelMcCullough@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000

*Attorneys for Defendant Angi, Inc.*

5-    DEFENDANT'S MOTION TO STAY DISCOVERY
AND PRETRIAL DEADLINES