UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**STEPHEN MARCUS LITCHFIELD**,    **Case No.:** 3:25-cv-02394-SI

    Plaintiff Pro Se,

v.    **PLAINTIFF'S RESPONSE IN**

**ANGI INC.,**    **OPPOSITION TO DEFENDANT'S**

    Defendant.    **MOTION TO STAY DISCOVERY**

**AND PRETRIAL DEADLINES**

---

## I. INTRODUCTION

Plaintiff Stephen Marcus Litchfield files this Response in Opposition on the day

following the expiration of the Court-ordered **April 2, 2026** deadline for the parties to

conduct their Rule 26(f) conference (ECF 3). Plaintiff stood ready to comply with the

Court's scheduling mandate, but also offered an unconditional 14-day extension to

accommodate Defendant. However, Defendant unilaterally refused to hold the

conference or accept the extension, electing instead to treat its pending Motion to Stay

Discovery (ECF 30) as a self-executing suspension of the Court's calendar (*Litchfield

Dec*l. ¶ 11).

Plaintiff does not oppose Defendant's request to temporarily stay active discovery

production (e.g., interrogatories, depositions, and document requests) pending the

resolution of the Motion to Dismiss, as doing so promotes judicial economy (*Litchfield Decl*. ¶ 8, Ex. A). However, Plaintiff strongly opposes an unqualified, blanket stay that permits the ongoing, automated destruction of ephemeral system data (e.g., feature flag states, automated CI/CD deployment runs, Stripe API communications, and server access logs) at the center of this dispute (*Litchfield Decl*. ¶ 10, Ex. B).

Simultaneously with this Opposition, Plaintiff is filing an affirmative Motion for an ESI Preservation Order to secure the objective technical baseline. Plaintiff respectfully requests that Defendant's Motion to Stay (ECF 30) be denied to the extent it permits automated destruction, or alternatively, held in abeyance pending the resolution of Plaintiff's concurrent Motion.

## II. DEFENDANT'S UNILATERAL SUSPENSION OF DEADLINES

The filing of a motion to stay does not automatically stay proceedings or toll Court-ordered deadlines absent an affirmative order from the Court. See, e.g., *W. Watersheds Project v. Salazar*, 2009 WL 10677491, at \*2 (D. Idaho Oct. 20, 2009).

Pursuant to the Court's initial scheduling order (ECF 3), the parties were required to confer under Rule 26(f) by **April 2, 2026**. In an effort to balance compliance with the Court's order and Defendant's desire to brief its Motion to Stay, Plaintiff offered an unconditional 14-day extension of the Rule 26(f) deadline. (*Litchfield Decl*. ¶ 9, Ex. A). Defendant explicitly rejected this extension and refused to participate in the mandated conference.

Defendant's reliance on an un-ruled-upon motion to unilaterally bypass ECF 3 prejudices Plaintiff's ability to establish a timely ESI protocol. Plaintiff places this impasse on the record to explain the absence of a Joint Status Report on the docket, and to underscore the necessity of court intervention to secure ephemeral evidence while the broader stay is litigated.

## III. A BLANKET STAY PREJUDICES PLAINTIFF BY PERMITTING SPOLIATION

Defendant correctly notes that this Court possesses broad discretion to stay discovery pending the resolution of a dispositive motion. However, as Defendant's own cited authority acknowledges, this discretion is balanced against the potential harm to the non-moving party. See *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). When evaluating a motion to stay, courts must consider the prejudice to the plaintiff. Granting Defendant's Motion to Stay in its entirety, without concurrently securing the objective technical baseline, severely prejudices Plaintiff by effectively authorizing the permanent spoliation of evidence.

As detailed in Plaintiff's First Amended Complaint (ECF 13), the core of this dispute relies on the objective mechanics of Defendant's digital architecture. As established in the *Declaration of Stephen Marcus Litchfield*, filed concurrently herewith, the operative events underlying this litigation occurred between September and November 2025 placing the underlying ephemeral electronic evidence at imminent risk of being automatically purged (*Litchfield Decl.* ¶ 6). By refusing to participate in the Rule 26(f)

conference and seeking a blanket stay, Defendant is utilizing procedural delays to run out the clock on the most critical evidence in this matter.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

- **DENY** Defendant's Motion to Stay (ECF 30) to the extent it permits the ongoing automated destruction of the backend evidence necessary to prove the claims in the operative complaint; or
- **HOLD IN ABEYANCE** Defendant's Motion to Stay until the Court has ruled upon Plaintiff's concurrently filed Motion for ESI Preservation Order.

**DATED**: April 3, 2026
Respectfully submitted,

/s/Stephen Marcus Litchfield

_____

**Stephen Marcus Litchfield**
Plaintiff Pro Se
marclitchfield@gmail.com
14845 SE Monner Rd
Happy Valley, OR 97086
503-307-8953