UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**STEPHEN MARCUS LITCHFIELD**,

    Plaintiff Pro Se,

v.

**ANGI INC.**,

    Defendant.

**Case No.:** 3:25-cv-02394-SI

**DECLARATION OF STEPHEN MARCUS LITCHFIELD IN SUPPORT OF PLAINTIFF'S MOTION FOR ESI PRESERVATION ORDER AND OPPOSITION TO STAY**

I, Stephen Marcus Litchfield, declare as follows:

1. I am the Plaintiff in the above-captioned matter, proceeding pro se. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2. I submit this declaration in support of my Opposition to Defendant's Motion to Stay Discovery and Pretrial Deadlines, and in support of my concurrent Motion for an ESI Preservation Order.

## I. Professional Background & Ephemeral Information Architecture

3. I have extensive professional experience as a career Staff Software Engineer and Software Architect working with cloud-based architectures, API integrations, CI/CD pipelines, and feature toggle systems.

4. In my professional experience, high-volume systems do not retain detailed historical information indefinitely. To control resource costs and service quotas, cloud storage resources are configured with data lifecycle policies which automatically purge or truncate "ephemeral" historical information that is believed to no longer be needed.

5. It is common practice in modern high-volume systems for ephemeral information like historical feature-flag states, A/B testing cohort assignments, detailed API request and response payloads, server access logs, and CI/CD deployment and testing runs to be configured to be purged or truncated after a timeframe in the order of weeks to months.

6. Because the events underlying this litigation occurred between September 10 and November 4, 2025, I am deeply concerned that Defendant's automated systems are currently or will imminently delete the specific, objective technical information required to prove the allegations in the operative complaint.

7. I raised these specific technical concerns with Defendant's counsel during our March 30, 2026 telephone conferral, but Defendant declined to stipulate to technical preservation of this data, citing Defendant's confidential and privileged procedures.

## II. Rule 26(f) Conferral and Preservation Impasse

8. On March 23, 2026, I sent an email to Defendant's counsel, Mr. McCullough, regarding discovery sequencing. In that email, I indicated I was amenable to staying formal discovery production to minimize burden, but explicitly stated I could not consent to an indefinite delay of our Rule 26(f) obligations or a complete stay of discovery planning. A true and correct copy of this email is attached hereto as Exhibit A.

9. In the same March 23 email to Defendant's counsel I unconditionally offered to stipulate to a 14-day extension of the Court-ordered April 2, 2026 Rule 26(f) conference deadline.

10. On March 25, 2026, I sent a follow-up email to Mr. McCullough issuing a formal Notice of Spoliation Risk. I reiterated my non-opposition to a stay of active discovery production, but expressly conditioned this on a targeted stipulation to preserve ephemeral backend ESI, specifically identifying CI/CD deployment logs, feature-flag states, Stripe API payloads, and server logs. A true and correct copy of this email is attached hereto as Exhibit B.

DECLARATION OF STEPHEN MARCUS LITCHFIELD IN SUPPORT OF PLAINTIFF'S MOTION FOR ESI PRESERVATION ORDER AND OPPOSITION TO STAY - Page 3 of 5

11. During our telephone conference on March 30, 2026, Defendant's counsel, Mr. McCullough, declined this extension offer. Mr. McCullough stated that Defendant would not participate in a Rule 26(f) conference pending the resolution of their anticipated Motion to Stay.

## III. Defendant's Internal Data Deletion Communications

12. On October 17, 2025 I instructed Defendant to remove my financial data from their system.

13. On October 27, 2025, Defendant's Sr. Corporate Counsel emailed me to deny my data deletion request, asserting they possessed no such information and misspelling my wife's last name as "Litchenfield." Following this correspondence, my wife formally delegated full management control of her account to me. A true and correct copy of this October 27, 2025 correspondence is attached hereto as Exhibit C.

14. The very next day, on October 28, 2025, I received contradictory written communications from Defendant's Privacy and IT Service Desk departments asserting that my deletion request had instead been "completed", "complied in part", and "resolved." The data, in fact, had not yet been deleted and remained retrievable from Defendant's system. A true and correct copy of this October 28, 2025 correspondence is attached hereto as Exhibit D.

DECLARATION OF STEPHEN MARCUS LITCHFIELD IN SUPPORT OF PLAINTIFF'S MOTION FOR ESI PRESERVATION ORDER AND OPPOSITION TO STAY - Page 4 of 5

15. On November 4, 2025, Defendant's Director/Sr. Corporate Counsel, Jaime Padgett, sent me an email regarding my data deletion request. In this email, she asserted that the deletion on the accounts was "now completed," directly contradicting the October 28 assertions from Defendant's IT and Privacy departments that the matter was already resolved. A true and correct copy of this November 4, 2025 correspondence from Jaime Padgett is attached hereto as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of April, 2026, in Happy Valley, Oregon.

/s/ Stephen Marcus Litchfield

_____

**Stephen Marcus Litchfield**

Plaintiff Pro Se

DECLARATION OF STEPHEN MARCUS LITCHFIELD IN SUPPORT OF PLAINTIFF'S MOTION FOR ESI PRESERVATION ORDER AND OPPOSITION TO STAY - Page 5 of 5