

# Meet and Confer: Rule 26(f) Conference & Supplemental Disclosure – Litchfield v. Angi Inc. (3:25-cv-02394-SI)

1 message

**Marcus Litchfield** <marclitchfield@gmail.com>    Mon, Mar 23, 2026 at 4:11 PM
To: McCullough, Michael (POR) <MichaelMcCullough@perkinscoie.com>
Cc: King, Jeannette (POR) <JeannetteKing@perkinscoie.com>

Mr. McCullough,

Good afternoon. I am in receipt of your emails regarding the ECF 3 scheduling order and your proposal to defer discovery.

I agree that the deadlines in the initial scheduling order are compressed given the current posture of the pleadings. I am fully amenable to preserving judicial economy and minimizing costs for both parties. To that end, I am happy to join a motion for an amended scheduling order that pauses all active discovery *production* (e.g., interrogatories, document requests, and code extraction) until after the Court rules on the operative complaint.

However, I cannot consent to an indefinite delay of our Rule 26(f) obligations or a complete stay of discovery planning. As you know, the digital architectures at issue—specifically the deceptive registration funnel and the forced retention of financial data—remain operational today. These active mechanisms present a continuous consumer hazard that deters my ability to safely utilize the platform, establishing my ongoing Article III standing.

Furthermore, as outlined in the draft ESI Protocol previously provided, the forensic evidence in this case relies on highly volatile Electronically Stored Information (ESI)—specifically dynamic server logs, Stripe API transaction payloads, CI/CD results, configuration state, and feature flag states. These backend systems are subject to automated deletion policies that are not typically covered by standard preservation instructions. A scheduling delay without a targeted preservation agreement creates an imminent risk of spoliation.

Therefore, I propose we use your suggested Joint Motion to execute a bifurcated compromise:

- **Stay of Production**: We jointly move to amend the schedule to stay all active discovery *production* pending the Court's ruling on the pleadings.

- **Interim Preservation Stipulation**: Within that same Joint Motion, we include a targeted stipulation to freeze the highly volatile backend data, ensuring no evidence ages out while we wait for the Court's ruling and the formalization of a comprehensive ESI Protocol.

I welcome your offer to circulate a draft of the Joint Motion later this week. To expedite your drafting process and ensure we are aligned on the technical scope, I will sign the Joint Motion provided it includes the following (or substantially similar) language regarding the interim preservation of evidence:

- During the pendency of this stay of discovery production, Defendant agrees to sequester and preserve in non-volatile storage (prior to any automated log-rotation or TTL purging) the following highly specific subset of Electronically Stored Information (ESI). This ESI shall be preserved in its native, structured format (e.g., JSON, YAML) for the timeframe of September 1, 2025, through November 30, 2025:

- (1) All application logs, server telemetry, and runtime configuration data associated with the user accounts for "marclitchfield@gmail.com" and "tenamyw@gmail.com".

- (2) All third-party API transaction payloads (including Stripe request/response bodies) associated with the aforementioned accounts or the payment method ending in 2667.

- (3) All CI/CD pipeline deployment logs and automated test execution results relating specifically to the Login/Sign-Up workflow, the Login Verification Code email, the Login Account Completion Form, the "Welcome Back" banner, and the Payment Method controls on the Account Management Page.

- (4) All feature-flag evaluation states and A/B testing cohort assignments that dictated the runtime interface behavior during the Plaintiff's active sessions.

- By executing this targeted export to cold storage, Defendant satisfies its preservation duty regarding this highly volatile ESI without altering its standard enterprise data-lifecycle policies, pending the Court's ruling and the formalization of a comprehensive ESI Protocol.

I recognize your team is actively briefing your Reply in Support of the Motion to Dismiss, due March 31. To prevent our Local Rule 26-1 conferral deadline (currently April 2) from interfering with your briefing schedule, I am willing to stipulate to a 14-day extension of the Rule 26(f) deadline, extending it to **Thursday, April 16, 2026.**

We can finalize your drafted Joint Motion to fix the ECF 3 schedule this week, and then use the extended April 16 deadline to hold our formal Rule 26(f) conference. Please let me know if this approach works for you.

Best regards,
Stephen Marcus Litchfield
Plaintiff Pro Se