Julia E. Markley, Bar No. 000791
JMarkley@perkinscoie.com
Michael McCullough, Bar No. 225377
MichaelMcCullough@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys for Defendant Angi, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEPHEN MARCUS LITCHFIELD,<br><br>       Plaintiff Pro Se,<br><br>  v.<br><br>ANGI INC.,<br><br>       Defendant. | Case No. 3:25-cv-02394-SI<br><br>**DEFENDANT ANGI INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR ESI PRESERVATION ORDER** |

Mr. Litchfield asks this Court to take the unusual step of issuing a preservation order and requiring a declaration of Defendant at this pre-discovery stage of the case with nothing more than speculation and conjecture to support his request. ECF 32. Mr. Litchfield disregards Angi's statements that it takes its discovery obligations seriously, Angi's existing litigation hold, and his own notices to Angi of his preservation concerns. He concedes he has no personal knowledge about Angi's digital architecture and how Angi stores its data. And he has presented no evidence that any relevant electronically stored information is at risk of spoliation. Despite this complete lack of support, his motion demands relief that is vague and grossly disproportionate to the needs

1- DEFENDANT ANGI INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR ESI PRESERVATION
ORDER

of this case. Simply put, Mr. Litchfield has failed to carry his burden under any applicable standard, and his motion should be denied.

## ARGUMENT

A court's "inherent powers [to enter a preservation order] must be exercised with restraint and discretion." *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12-2082, 2013 WL 566949, at *12 (W.D. Wash. Feb. 13, 2013) (denying preservation order). "Absent any evidence to the contrary, the court [should] assume[] that all parties have complied with [their discovery] obligations." *Id.* at *13.

"In determining whether to grant a request for a preservation order, some courts have adopted a two-prong test that requires the proponent to demonstrate that the order is necessary and not unduly burdensome." *Id.* (internal citations omitted). "Other courts have adopted a balancing test considering three factors:" (1) the risk to "the continuing existence and maintenance of the . . . evidence" absent a preservation order; "(2) any irreparable harm . . . [from denying] preservation; and (3) the capability . . . to maintain the evidence . . . [and] the physical, spatial and financial burdens created by ordering evidence preservation." *Id.* "The difference between these two tests lies in what the moving party must show with respect to the content of the evidence that is in danger of being destroyed. However, the distinction is more apparent than real." *Id.*

Under either standard, Mr. Litchfield has failed to show that a preservation order is necessary. He has established neither that any relevant ESI risks being lost or destroyed nor that the relief he seeks would not be unduly burdensome.

### 1. Mr. Litchfield Has Failed to Show a Risk that Relevant ESI May Be Lost or Destroyed.

Mr. Litchfield argues that the Court must enter a preservation order related to "ephemeral" ESI to avoid the "irreparable harm" of him being unable to "objectively reconstruct[]" "the digital state of [Angi's] platform." ECF 32 at 5, 10-11. Assuming for the sake

2- DEFENDANT ANGI INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR ESI PRESERVATION ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

of this motion that Mr. Litchfield's objective is appropriate, Angi has taken affirmative steps to preserve evidence relevant to this case and to comply with its discovery obligations, and Mr. Litchfield has no evidence to the contrary. Angi takes its litigation and discovery obligations seriously and has complied with those obligations. Mr. Litchfield has already sent Angi a "Notice of Spoliation Risk." ECF 32-3. Mr. Litchfield has presented no evidence that Angi's preservation efforts are insufficient, and he has no basis for demanding that Angi publicly disclose its privileged litigation hold's content through a sworn declaration or stipulation. *See Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST (SK), 2018 U.S. Dist. LEXIS 22676, at *14 (N.D. Cal. Feb. 7, 2018) (stating that litigation holds are privileged under both the attorney-client privilege and work product doctrine).

Mr. Litchfield instead bases his entire argument on his personal experience with "cloud-based architectures" in other environments. ECF 32-1 at 2. Mr. Litchfield concedes, however, that he has no "access to [or knowledge of] Defendant's proprietary network architecture." ECF 32 at 4. As a result, he has no knowledge of how Angi processes or stores its ESI, especially after issuing a litigation hold.

Desperate to find some evidence of the risk relevant evidence will be lost without court intervention, Mr. Litchfield points to pre-litigation emails regarding his "formal request for the deletion of [his] payment method." ECF 32 at 8. This argument, however, is unrelated to this motion and demonstrates only Mr. Litchfield's confusion regarding his wife's separate HomeAdvisor account. Angi promptly processed Mr. Litchfield's data deletion request with respect to his account. ECF 32-5. He was confused and frustrated, however, because his payment information was not also deleted from his wife's account. Angi explained that he needed his wife to appoint him as a personal representative for Angi to process his request related to his wife's data. ECF 32-4. After his wife appointed him as her representative, Angi promptly processed his deletion request related to his wife's account. ECF 32-6. Angi complied with Mr. Litchfield's data deletion requests in accord with applicable statutes, and Mr. Litchfield's confusion and

3-  DEFENDANT ANGI INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR ESI PRESERVATION
ORDER

frustration in navigating this process is unrelated to this motion.

Mr. Litchfield has failed to carry his burden of demonstrating that a court-ordered preservation order is necessary to protect relevant ESI. Discovery has not yet begun pending Angi's Motion to Dismiss (ECF 22) and Motion to Stay Discovery and Pretrial Deadlines (ECF 30) and Plaintiff's Motion for Leave to File Second Amended Complaint (ECF 21). "Absent any evidence to the contrary, the court [should] assume[] that all parties have complied with [their discovery] obligations" and deny a motion for a preservation order. *Fluke Elecs. Corp.*, 2013 WL 566949, at *13.

2. **The Requested Order Would Be Unduly Burdensome.**

The dispersed descriptions of the order Mr. Litchfield seeks are vague and would be unduly burdensome to Angi. He states that he wants the Court to compel Angi to "file a sworn declaration within fourteen (14) days certifying that the four (4) appropriate categories of Ephemeral ESI defined herein have been technically sequestered to non-volatile storage." ECF 32 at 12. He describes these four categories of "Ephemeral ESI" as follows: "1. Feature Flags and A/B Testing States," which he states "[m]odern web platforms use . . . as digital switches to conditionally show different versions of a website to different users . . . . 2. CI/CD Pipeline Deployment Logs and Test Artifacts," which he states "act as a ledger of automated test runs and software deployments . . . . 3. Payment Processor API Transactions," which he states "exchange the user's payment information with a token that allows the controlling system to later debit and credit the card without storing the user's card information directly . . . . [and] 4. Server Access and Audit Logs," which he states "act as the digital receipts of all user interactions with the system." ECF 32.

Mr. Litchfield has provided no description of the declaration he is requesting the Court to compel that would be unambiguous, not unduly burdensome, or proportional to the needs of this case. None of Mr. Litchfield's descriptions limit the declaration to ESI relevant to his claims. There is no limitation on time frame or user accounts. Mr. Litchfield's descriptions fail to make

4- DEFENDANT ANGI INC.'S RESPONSE TO
PLAINTIFF'S MOTION FOR ESI PRESERVATION
ORDER

clear the specific ESI in Angi's systems that Mr. Litchfield is demanding Angi declare it has moved to "non-volatile storage."

Moreover, the state of the pleadings in this case remains unsettled. Accordingly, neither the Court nor the parties can yet determine what ESI, if any, would be proportional to the needs of Mr. Litchfield's case. The Court should not rule that Angi's privileged and confidential litigation hold is insufficient without any evidence supporting that assertion and before the parties know what claims will proceed. These determinations should be deferred until after Angi's Motion to Dismiss is decided and the parties, if necessary, confer pursuant to Rule 26(f).

**CONCLUSION**

Mr. Litchfield's Motion is bereft of support and should be denied.

DATED:  April 17, 2026.

**PERKINS COIE LLP**

By:*/s/ Julia E. Markley*
    Julia E. Markley, OSB No. 000791
    JMarkley@perkinscoie.com
    Michael McCullough, OSB No. 225377
    MichaelMcCullough@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000

*Attorneys for Defendant Angi, Inc.*

5-    DEFENDANT ANGI INC.'S RESPONSE TO
    PLAINTIFF'S MOTION FOR ESI PRESERVATION
    ORDER