**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **STEPHEN MARCUS LITCHFIELD**, | Case No. 3:25-cv-2394-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **ANGI INC.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff, Stephen Marcus Litchfield ("Litchfield"), representing himself, is an Oregon resident who created an account with Defendant Angi, Inc. ("Angi"), a Colorado technology company. Angi operates, through its subsidiaries, an online marketplace called HomeAdvisor.com ("HomeAdvisor"). HomeAdvisor matches individuals with home improvement projects with third-party professionals who may be able to assist with those projects. On December 22, 2025, Litchfield filed his Complaint, alleging violations of the Oregon Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. ("ORS") 646.608. Litchfield seeks declaratory and injunctive relief as well as statutory and punitive damages and court costs. ECF 1. On January 20, 2026, Litchfield filed his First Amended Complaint ("FAC") that

PAGE 1 – ORDER

included essentially the same claims and the same requested relief. ECF 13. Now before the Court are four motions: (1) Litchfield's motion for leave to file a Second Amended Complaint (ECF 21; (2) Angi's motion to dismiss the FAC (ECF 22); (3) Angi's motion to stay discovery and pretrial deadlines (ECF 30); and (4) Litchfield's motion for an ESI preservation order ( ECF 32). The Court has reviewed the FAC and each pending motion, as well as all attached exhibits, responses, and replies. This Court dismisses this case with prejudice.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

PAGE 2 – ORDER

expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted)

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

PAGE 3 – ORDER

**BACKGROUND**

On September 25, 2025, Litchfield visited HomeAdvisor.com to investigate a recurring charge of $29.99 that appeared on his credit card statement. FAC ¶ 11; ECF 13-1 at 13. The website displayed the message "Welcome Back!", which indicated to Litchfield that someone in his household, which included himself and his wife, already had an account with HomeAdvisor. *Id*. ¶ 13. Litchfield attempted to log in to the website, once again seeing the "Welcome Back!" banner. *Id*. ¶¶ 13-14. He submitted his email address and immediately received from HomeAdvisor an automated email with a six-digit code to complete his log in. *Id*. ¶ 15. Litchfield understood this process to confirm that he or his wife already had a HomeAdvisor account and did not perceive that he was creating a new account by entering the six-digit code into the website. *Id*. ¶¶16-18. In fact, this process created for Litchfield a new account with HomeAdvisor. *Id*.

Litchfield tried several ways to contact Angi to delete his account, including calling the customer support line five times. *Id*. ¶ 24. He eventually was able to cancel his account "via alternative means." *Id*. ¶ 25. Litchfield does not allege that he ever purchased any goods or service from the website or that there was ever any indication that Angi was in possession of any of Litchfield's financial or personal property, except for the $29.99 credit card charge.

Litchfield and his wife came to understand that the account in question belonged to Litchfield's wife. ECF 13-1 at 14, 40. On September 12, 2025, Litchfield's wife cancelled her account on the Angi website "with a simple button click." *Id*. at 40. Within minutes, she received an email confirmation from Angi that her account was cancelled. *Id*. at 41. On September 19, Angi issued a refund of the $29.99 charge at Litchfield's request, which he received. *Id*. at 53-57.

PAGE 4 – ORDER

**ANALYSIS**

**A. Angi's Motion to Dismiss**

To state a claim under Oregon's UTPA, a plaintiff must allege facts that plausibly show that (1) a defendant committed one or more of the unlawful acts enumerated in ORS 646.608; (2) the plaintiff suffered an ascertainable loss of money or property; and (3) the defendant's unlawful act was the cause of the plaintiff's loss. *Bohr v. Tillamook Cnty. Creamery Assoc.*, 373 Or. 343, 348-49 (2025). Angi argues that Litchfield's lawsuit should be dismissed for two alternative reasons: (1) Litchfield fails to allege an ascertainable loss under the UTPA, and (2) Litchfield fails to allege an unlawful act under the UTPA. ECF 22 at 9-13. Angi further argues that Litchfield's claim under the Declaratory Judgment Act should be dismissed because it is derivative of his UTPA claim. Finally, Angi seeks dismissal with prejudice. *Id*. at 13-14.

**1. UTPA Claim**

An ascertainable loss under the UTPA "is one 'capable of being discovered, observed, or established.'" *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 117 (2015) (quoting *Scott v. Western Int. Sales, Inc.*, 267 Or. 512, 515 (1973)). It must be "objectively verifiable, much as economic damages in civil actions must be." *Id*. It is defined broadly, including any determinable loss, "even a loss that cannot be measured exactly," as well as those losses "so small that the common law likely would reject it as grounds for relief." *Clark v. Eddie Bauer LLC*, 371 Or. 177, 185-86 (2023) (citing *Weigel v. Ron Tonkin Chevrolet Co.*, 298 Or. 127, 136-37 (1984)).

Litchfield acknowledges that he has not suffered an ascertainable loss. Instead, he states in that he "brings this action not for personal redress." FAC ¶ 5. He also does not allege that he or his wife suffered any loss of money or property. Construing the allegations in the light most favorable to Plaintiff, he alleges that Angi placed a $29.99 charge on his credit card without

PAGE 5 – ORDER

authorization but acknowledges that he received a full refund of that charge. ECF 13-1 at 55, 57, 95, 142. Thus, by his own admission, he has not lost any money.

Litchfield argues, however, that Angi "conflates the mitigation of actual damages with the extinguishment of a statutory violation" and that the "post-deprivation refund" does not erase his loss. ECF 26 at 4. This argument is without merit. At the time he filed this lawsuit in December 2025, Litchfield had already been made whole. The one case that Litchfield cites in opposition to Angi's motion, *Clark*, confirms that where the economic damages alleged are the purchase price of a product, the remedy is a full refund of the amount paid. 371 Or. at 190. That remedy was provided before Litchfield commenced this lawsuit. Thus, Litchfield has not alleged an ascertainable loss.

### 2. Declaratory Judgment Claim

The Declaratory Judgment Act does not supply an independent cause of action but rather empowers federal courts to provide declaratory relief on an underlying claim. 28 U.S.C. § 2201(a); *see also, e.g.*, *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. It only permits the district court to adopt a specific remedy when jurisdiction exists.") (citations omitted); *Strong v. Lehman Bros. Bank, FSB*, 2018 WL 700821, at *4 (D. Or. Feb. 2, 2018) ("Because the underlying claim is invalid, so is Plaintiff's derived claim for declaratory relief."); *Ballard v. Chase Bank USA, NA*, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief rises or falls with the other claims.") (cleaned up)). Thus, because Plaintiff's underlying UTPA claim fails, so too does his claim for declaratory judgment.

### 3. Prejudice

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply

PAGE 6 – ORDER

Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)).

Leave to amend, however, may be denied if the proposed amendment is futile. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County,* 119 F.3d 1385, 1393 (9th Cir. 1997)); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))). If the underlying facts or circumstances possibly could "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see, e.g.*, *Miller*, 845 F.2d at 214, although "viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Barber v. Select Rehab.*, *LLC*, 2019 WL 2028519, at *1 (D. Or. May 8, 2019) (quotation marks omitted).

Angi argues that leave to amend would be futile in this case because Litchfield cannot identify any additional facts that might cure the deficiencies in the FAC, including that it does

PAGE 7 – ORDER

not include any allegation of an ascertainable loss. ECF 22 at 13. In response, Litchfield makes two assertions. First, he reiterates that the arguments he advances in his FAC are sufficient to state a claim. ECF 26 at 14. The Court has already rejected this contention. Second, he points to his pending motion for leave to file a Second Amended Complaint (ECF 21), stating that his proposed Second Amended Complaint ("SAC") cures the defects of his FAC. *Id*. Litchfield is incorrect. The proposed SAC contains no new facts that speak to any ascertainable loss that he may have suffered. *See* ECF 21-1; ECF 21-5. As Litchfield concedes in his FAC, the only property of his that Angi ever possessed was the $29.99 charged to Litchfield's credit card, and that amount was refunded before this lawsuit began. Because there is no set of facts under which Litchfield can allege that would cure the deficiencies of the FAC, the Court dismissed this action with prejudice. The Court also dismisses as moot Litchfield's Motion for Leave to File a Second Amended Complaint (ECF 21), Angi's Motion for a Stay of Discovery and Pretrial Deadlines (ECF 30) and Litchfield's Motion for an ESI Preservation Order (ECF 32). "When the underlying Complaint is dismissed, pending motions are generally denied as moot." *Adeyinka v. City of Portland*, 2026 WL 674502, at *1 n.1 (D. Or. Mar. 10, 2026).

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss (ECF 22) and DISMISSES Plaintiff's Complaint (ECF 13) with prejudice. The Court DENIES AS MOOT Plaintiff's Motion for Leave to File an Amended Complaint (ECF 21), Defendant's Motion to Stay (ECF 30), and Plaintiff's Motion for ESI Preservation Order (ECF 32).

**IT IS SO ORDERED.**

DATED this 22nd day of May, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 8 – ORDER